UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ELISABETH L. CREWS,<br><br>                Plaintiff,<br><br>     v.<br><br>UNITED WHOLESALE MORTGAGE, LLC,<br>EQUIFAX INFORMATION SERVICES LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>and TRANS UNION LLC,<br><br>                Defendants. | Civil Action No.: |

## VERIFIED COMPLAINT

Elisabeth L. Crews ("Plaintiff") brings this action on behalf of herself against defendants UNITED WHOLESALE MORTGAGE, LLC ("UWM"), EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION LLC ("Trans Union") (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

1

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4. Plaintiff had a home mortgage with defendant UWM. Plaintiff made every monthly payment to UWM; without fail. In May 2020, Plaintiff refinanced her home mortgage with UWM and as a result paid off that mortgage entirely. For reasons unknown to Plaintiff UWM reported her to defendants Equifax, Experian, and Trans Union as being 30 days past due for her May 2020 payment. Trans Union—for unknown reasons—is reporting Plaintiff as being 30 days past due for both May and June 2020. Plaintiff sent certified dispute letters to Equifax, Experian, and Trans Union to remove the 30 days past due notations. Plaintiff included supporting documentation to show she was not 30 days past due with her May 2020 payment (or June 2020 payment). But the errors remain. These errors dramatically reduced Plaintiff's credit scores. Plaintiff has been denied credit due to these errors. Plaintiff has been offered credit at high interest rates due to these errors. And Plaintiff is unable to purchase a new home until these errors are remedied as a recent 30 days past due notation on her credit reports are devasting to her credit scores and limit her options in qualifying for a home mortgage. In the meantime, values of homes in Plaintiff's geographic area have increased by 19% since January 2020.

5. Defendants' have failed their grave responsibilities of fairness, impartiality, and a respect for Plaintiff's right of privacy. And their failures are causing Plaintiff to suffer.

## JURISDICTION

6. Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

8. Plaintiff is a natural person who resides in Weld County, Colorado.

9. UWM is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

10. Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

11. Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

12. Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

13. Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

14. Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

15. Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

16. Defendants regularly conduct business in Colorado.

## FACTS

**A.     Plaintiff timely made all of her payments to UWM before paying off the account.**

17.     Plaintiff is stuck living in a friend's basement, watching the values of home prices increase by nearly 20%, while she tries to correct erroneous 30 day past due notations on her Equifax, Experian, and Trans Union credit reports.

18.     In early March 2020, Plaintiff applied to refinance her home mortgage.

19.     As of March 3, 2020 her FICO credit scores were: 764 with Equifax, 739 with Experian, and 750 with Trans Union. In March 2020, Plaintiff had no derogatory information on her credit reports.

20.     FICO is a scoring model meant to give lenders a good idea of how consumers handle money. FICO scores between 740-799 are considered "very good." Borrowers with scores of 740 or more will get the lowest interest rates on mortgages.

21.     Plaintiff had a home mortgage with UWM, Account 665393088.

22.     Plaintiff's mortgage payments to UWM were due on the 1st of every month.

23.     Plaintiff made every monthly mortgage payment to UWM on time, each month.

24.     Plaintiff made her January, February, March, and April 2020 payments by electronically transferring $1,771.47 to UWM 4 separate times.

25.     Plaintiff made her April 2020 mortgage payment to UWM on March 24, 2020.

26.     Plaintiff's May 2020 UWM payment was due on May 1.

27.     Plaintiff's refinance closing took place on May 21, 2020 and the approved payoff amount of $280,121.01 was wired for her UWM account on May 27, 2020.

28.     Plaintiff was then instructed to wire more money to pay off her UWM account and on June 2, 20202 caused another $580.29 to pay off the UWM mortgage.

29.     At no time was Plaintiff 30 days past due. In May, due to the lag in the wire transfer, Plaintiff was 26-days past the May 1, 2020 due date.

**B.      UWM mortgage account is erroneously reporting 30-days past due.**

30.     In August 2020, Plaintiff obtained her real estate license. To work on her own, she applied for a business credit card. Plaintiff was denied.

31.     Plaintiff inquired into her denial as she knew her credit scores were at or above 739. Plaintiff learned she was denied due to recent—and erroneous—30-day past dues on her mortgage.

32.      Plaintiff has been—unsuccessfully—trying to correct those errors ever since.

33.     Plaintiff heavily relies upon her car for work. Plaintiff's car required $20,000 worth of repairs so Plaintiff decided to buy a new car.

34.     In March 2021, Plaintiff was quoted a rate of 8.24% to finance a new car. That high rate was due to her erroneous recent 30 day past due mortgage payments. Plaintiff, as a result, had to borrow people's cars in order to continue working.

35.     Plaintiff's Equifax credit report erroneously stated that her UWM mortgage was "not more than 2 payments past due" with 30-days past due in May 2020.

36.     Plaintiff's Experian credit report erroneously stated that her UWM mortgage was "potentially negative" and that it was 30-days past due in May 2020.

37.     Plaintiff's Trans Union credit report erroneously stated that her UWM mortgage as an "account with adverse information," "paid. Closed. Was 30 days past due date" and was 30-days past due in May and June 2020.

**C.      Defendants improperly verify the 30-days past due notations as accurate.**

38.     On March 30, 2021, Plaintiff sent a dispute letter to Equifax explaining that she was never late on her UWM mortgage. Plaintiff waited for a response, but Equifax never

5

responded.

39. On August 31, 2021, Plaintiff then caused written disputes—with supporting documentation—to be sent to defendants Equifax, Experian, and Trans Union. Tracking number for Equifax was: 7020-3160-0001-8388-8124. Tracking number for Experian was: 7020-3160-0001-8388-8117. Tracking number for Trans Union was: 7020-3160-0001-8388-8100.

40. Plaintiff's dispute letters included proof of funds that were wired, dates they were wired, and included detailed information about how Plaintiff paid the UWM mortgage on-time each month.

41. Trans Union never responded to Plaintiff.

42. On October 28, 2021, Plaintiff called Trans Union to inquire about the status of her dispute but Trans Union told her they had no record of a dispute.

43. As of October 19, 2021, Plaintiff's Trans Union credit report still erroneously lists Plaintiff as having 30-day past dues for the months of May and June 2020.

44. On information and belief, Equifax and Experian both forwarded Plaintiff's certified dispute letters, with supporting documentation, to UWM as required under the FCRA.

45. But on September 24, 2021, Equifax improperly verified Plaintiff's 30-day past due as of May 2020 on her UWM mortgage account as correct.

46. On September 25, 2021, Experian also improperly verified Plaintiff's 30-day past due as of May 2020 being correct. Experian stated "prior paying history is being reported correctly" and stated that the UWM mortgage account should report "was 30-59 days past due."

47. UWM, Equifax, Experian, nor Trans Union used sufficiently rigorous thresholds to investigate, or re-investigate, Plaintiff's disputes, failed to review the materials that Plaintiff sent to them and as a result left the erroneous reporting of Plaintiff's UWM account, which was

6

erroneous.

48. Despite Plaintiff's lawful requests for removal of the disputed items pursuant to the FCRA, UWM, Equifax, Experian, and Trans Union failed to investigate Plaintiff's disputes and failed to remove the disputed, derogatory, and erroneous items from Plaintiff's credit reports.

49. Upon information and belief UWM, Equifax, Experian, and Trans Union failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Defendants' receipt of Plaintiff's disputes.

**D.   Defendants' actions have damaged Plaintiff.**

50. The Defendants' actions have damaged Plaintiff financially. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

51. As a direct result of the errors contained in Plaintiff's credit reports about her UWM mortgage, Plaintiff has received a credit card denial, received an offer of credit for an auto loan at a higher rate than she deserves, and has been told by mortgage professionals she should not try to qualify for a mortgage until the UWM mortgage lates are removed because of the devastating impact the recent 30-days past dues will have on her FICO scores. As a result, she has to live in a friend's basement while the costs of purchasing a home in her geographic area has increased nearly 20% since January 2020.

52. Plaintiff has suffered damages proximately caused by the conduct of UWM, Equifax, Experian, and Trans Union, including:

  i. Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus and production;
  ii. Time and expense of pulling/reviewing credit reports;

7

  iii. Believing that the UWM account may continue to be reported inaccurately and misleadingly through no fault of Plaintiff's and have a chilling effect on ability to obtain credit;

  iv. Adverse information on credit reports and a negative impact to credit rating;

  v. An inability to improve credit scores during the dispute process;

  vi. An inability to qualify for a mortgage;

  vii. A credit denial to a credit card;

  viii. An offer of credit for an auto loan at a high interest rate;

  ix. Invasion of privacy;

  x. A lower credit score; and

  xi. Having to hire attorneys to combat the improper credit reporting.

## Count I – Equifax
## FCRA—Failure to assure accuracy

53. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

54. Pursuant to 15 U.S.C. § 1681e(b) whenever Equifax prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

55. A consumer report can be inaccurate under §1681e(b) if it is misleading to the point that it is likely to have an adverse effect.

56. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning Plaintiff's UWM account, in violation of 15 U.S.C. § 1681e(b).

57. It was inaccurate for Equifax to report the current status of Plaintiff's UWM account as "not more than two payments past due" on a closed account that had a $0 balance; even if UWM erroneously reported that Plaintiff was late in May 2020.

58. Equifax should have protocols in place that allow it to avoid this type of misleading reporting on accounts.

59. Third parties received copies of Plaintiff's Equifax credit report that contained the inaccurate information.

60. Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

61. Plaintiff suffered embarrassment, humiliation, and emotional distress because of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Equifax;
    b. Appropriate statutory penalties for each violation of the FCRA;
    c. Actual damages;
    d. Punitive damages;
    e. Reasonable attorney's fees and the costs of this litigation;
    f. Pre-judgment and post-judgment interest at the legal rate;
    g. Appropriate equitable relief, including the correction of the UWM account; and
    h. Such other relief as the Court deems equitable, just, and proper.

### Count II – Equifax
### FCRA—Failure to reasonably reinvestigate

62. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

63. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in Plaintiff's Equifax credit report, Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

64. Pursuant to 15 U.S.C. § 1681i(a)(4) Equifax must "review and consider all relevant information submitted by the consumer" when Equifax conducts any reinvestigation.

65. Equifax failed to conduct a reasonable investigation of the information in Plaintiff's credit file as to the UWM account after receiving actual notice of the inaccuracies, along with the detailed information provided by Plaintiff.

66. Equifax failed to remove references to the 30-day late reporting.

67. Equifax failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

68. Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

69. Plaintiff suffered embarrassment, humiliation, and emotional distress because of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Equifax;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction of the UWM account; and
h. Such other relief as the Court deems equitable, just, and proper.

### Count III – Experian
### FCRA—Failure to reasonably reinvestigate

70. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

71. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in Plaintiff's Experian credit report, Experian must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file … before the end of the 30-day period beginning on the date on which the agency receives the notice…"

72. The 30-day period may be extended for not more than 15 additional days. 15 U.S.C. § 1681i(a)(1)(B).

73. Experian "shall provide written notice to a consumer of the results of a reinvestigation … not later than 5 business days after the completion of the reinvestigation, by mail …" 15 U.S.C. § 1681i(a)(6)(A).

74. Pursuant to 15 U.S.C. § 1681i(a)(4) Experian must "review and consider all relevant information submitted by the consumer" when Experian conducts any reinvestigation.

75. Experian failed to conduct a reasonable investigation of the information in Plaintiff's credit file as to the UWM account after receiving actual notice of the inaccuracies, along with the detailed information provided by Plaintiff.

76. Experian failed to remove all references to 30-day late reporting as to Plaintiff's UWM account upon actual notice of the inaccuracies that contained proof of on-time payments.

77. Experian failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

78. Experian failed to provide Plaintiff with notice of the results of its reinvestigation of Plaintiff's dispute.

79. Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

80. Plaintiff suffered embarrassment, humiliation, and emotional distress because of Experian's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Experian;
    b. Appropriate statutory penalties for each violation of the FCRA;
    c. Actual damages;
    d. Punitive damages;

  e. Reasonable attorney's fees and the costs of this litigation;
  f. Pre-judgment and post-judgment interest at the legal rate;
  g. Appropriate equitable relief, including the correction of the UWM account; and
  h. Such other relief as the Court deems equitable, just, and proper.

## Count IV – Trans Union
## FCRA—Failure to reasonably reinvestigate

81. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

82. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if the completeness or accuracy of any item of information contained in a consumer's file at Trans Union is disputed by the consumer, Trans Union must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

83. Pursuant to 15 U.S.C. § 1681i(a)(2)(A) Trans Union has 5-business days from receiving notice of a dispute from a consumer to send the dispute—with all relevant information—regarding the dispute to the company that provided any item of information in dispute.

84. Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

85. Pursuant to 15 U.S.C. § 1681i(a)(6) Trans Union shall provide written notice to a consumer of the results of a within 5-business days after the completion of the reinvestigation.

86. Pursuant to 15 U.S.C. § 1681i(a)(8)(c) whenever a non-frivolous statement of a dispute is filed, Trans Union shall—in any subsequent consumer report containing the information in question—clearly note that it is disputed by the consumer.

87. Plaintiff disputed the accuracy of the UWM account on her Trans Union credit report via First-Class Certified Mail—Tracking Number: 7020-3160-0001-8388-8100.

88. Trans Union received Plaintiff's dispute on August 31, 2021.

89. Trans Union failed to provide UWM with Plaintiff's dispute.

90. Trans Union failed to conduct its own reinvestigation into Plaintiff's dispute.

91. Trans Union failed to provide written notice to Plaintiff as to the results of its reinvestigation.

92. Trans Union failed to update Plaintiff's credit report with a statement that the UWM account was disputed by Plaintiff.

93. Trans Union's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

94. Plaintiff suffered actual damages, embarrassment, humiliation, and emotional distress because of Trans Union's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Trans Union;
    b. Appropriate statutory penalties for each violation of the FCRA;
    c. Actual damages;
    d. Punitive damages;
    e. Reasonable attorney's fees and the costs of this litigation;
    f. Pre-judgment and post-judgment interest at the legal rate;
    g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
    h. Such other relief as the Court deems equitable, just, and proper.

### Count V – UWM
### FCRA—Failure to investigate

95. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

96. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after UWM receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [UWM] shall conduct an investigation with respect to the disputed information."

13

Case 1:21-cv-03049-KLM   Document 1   Filed 11/12/21   USDC Colorado   Page 14 of 16

97. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after UWM receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [UWM] shall review all relevant information provided by the consumer reporting agency…"

98. UWM failed to fully and properly investigate Plaintiff's disputes relating to Plaintiff's UWM account.

99. UWM failed to review all relevant information provided by Equifax, or Experian relating to Plaintiff's disputes.

100. UWM's conduct, action, and inaction was willful, or, in the alternative, negligent.

101. Plaintiff suffered embarrassment, humiliation, and emotional distress because of UWM's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against UWM;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction of Plaintiff's UWM account; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: November 10, 2021                /s/ *James M. Smith*

James M. Smith
Doherty Smith, LLC
9501 W. 144th Place, Suite 101
Orland Park, IL 60462
Tel: (312) 319-2879
Fax: (312) 319-4084
jsmith@dohertysmith.com

*Counsel for Plaintiff*

## **VERIFICATION**

Plaintiff Elisabeth L. Crews declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Weld County, Colorado.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Colorado that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 11/10/2021

ID 5GCiPFfKE34UNk4wfan9c8Ut

/s/ Elisabeth L. Crews, Plaintiff

15

## eSignature Details

**Signer ID:**      **5GCiPFfKE34UNk4wfan9c8Ut**
Signed by:          Elisabeth Crews
Sent to email:      liz.crews11@gmail.com
IP Address:         73.14.100.53
Signed at:          Nov 10 2021, 5:51 pm CST